MALLETT et, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.

Common Pleas Court, Franklin County.

No. 186158.   Decided April 9, 1953.

C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellees.

George A. Hurley, Cleveland, for appellant.

## OPINION

By BARTLETT, J.

BOARD OF LIQUOR CONTROL ORDER (REVOKING PERMITS C-2, D-1 and D-2), IS REVERSED.

This is an appeal under §154-73 GC, seeking reversal of the order of the Board of Liquor Control, revoking the C-2, D-1 and D-2 permits of the appellant.

The permit premises are located at 1645 Libby Road, Maple Heights, near Cleveland; and the permit holder operates under the name of "Mike's Tavern."

The permit holder appeared without counsel.

The evidence disclosed that two inspectors ordered beer and about ten minutes later two other inspectors entered and searched the premises. One of the inspectors testified while consuming beer that they observed a couple of mixed drinks being served but they had no knowledge of what they were. (R. 3.)

The owner of the tavern testified she served the mixed drinks, being two glasses of wine mixed with ginger ale. She had the right to serve the wine under her permits.

One of the inspectors who searched the premises, testified they found a fifth of Corby's whiskey and a glass of whiskey. He stated the glass of whiskey was found under the bar. He testified his associate found the bottle of whiskey, but he didn't know where he found it. He did not state who found the glass of whiskey. (R. 4.)

The bottle was offered in evidence as Exhibit A and the glass as Exhibit B. Exhibit C was offered but the record does not identify it, except the index as "chemist's report." The only exhibits that reached the Court were a chemist's report without any exhibit marking and a bottle containing about one inch of a brown liquid, without any exhibit marking, but stamped on the bottle permanently, were the words: "Bireley's pasteurized non-carbonated."

The other two inspectors did not testify. One inspector testified they entered the premises around 5:30 P. M. and the other inspector testified they arrived in the afternoon between three and four. The Board fixed the time at 7 P. M.

484

With four inspectors on the premises, the evidence offered in support of the charge is about as unreliable as can be imagined.

The evidence produced, upon a consideration of the entire record, does not warrant a finding by the Court that the order of the Board is supported by reliable, probative and substantial evidence; and, therefore, the order of the Board is reversed. Entry accordingly with exceptions by counsel for the Board.